■ RALPH G. ULLUM et al., Appellants, v THE AMERICAN KENNEL CLUB, Also Known as AKC, et al., Respondents. [21 NYS3d 210]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiffs' causes of action for defamation, breach of contract, and tortious interference with business relations, unanimously affirmed, without costs.

Plaintiffs Ullum and French are owners of plaintiff Topaz Siberians Kennel, which breeds and exhibits purebred Siberian Huskies. On December 17, 2010, while attending a show-dog competition sanctioned by defendant the American Kennel Club (AKC), Ullum was accused of poisoning another competitor's dog. A local Event Committee held a hearing, at which Ullum chose not to testify because criminal charges were pending against him. The Committee found Ullum guilty of attempting to poison the dog and recommended that he be suspended. AKC denied Ullum's appeal of the suspension and reported the suspension on its website in March 2011. It also reported in its June 2011 newsletter that Ullum "was charged with feeding a dog medication that a veterinarian identified as having the potential to adversely affect the dog's performance and health." After Ullum was acquitted of the criminal charges arising from the incident, he asked AKC to reinstate him, but his request was denied in October 2012. A year later, plaintiffs commenced this action against AKC and its president, defendant Dennis Sprung.

Plaintiffs' cause of action for defamation is time-barred, since it was brought more than one year after the publication of the

alleged defamatory statements. Plaintiffs' republication claim is insufficient, because their affidavits failed to specify to whom the alleged defamatory republication was made (*see Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]), and their argument on appeal that AKC republished the statement on its website in December 2012 is insufficient to show that the statement reached "a new audience" (*Firth v State of New York*, 98 NY2d 365, 371 [2002]). In any event, the alleged defamatory words are not actionable, because they were a "basically accurate account" of Ullum's suspension and the charges against him (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 383 [1977], *cert denied* 434 US 969 [1977]). Moreover, plaintiffs alleged no defamatory words published by defendant Sprung (*see Asensio v KPMG, LLP*, 293 AD2d 426 [1st Dept 2002]).

The motion court correctly dismissed plaintiffs' cause of action for tortious interference with prospective business relations, since they failed to plead that defendants' alleged interference was "accomplished by wrongful means" or that defendants "acted for the sole purpose of harming . . . plaintiff[s]" (*Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300 [1st Dept 1999] [internal quotation marks omitted]).

Plaintiffs also failed to state a viable cause of action for breach of contract. Plaintiffs' claim is based on defendants' alleged violation of AKC rules and guidelines incorporated in an entry form plaintiffs signed when they entered the show-dog competition. Even if AKC was bound by the terms of the entry form, plaintiffs failed to plead that the form prohibited AKC from upholding the local Event Committee's recommendation to suspend Ullum, or that it was obligated to stay Ullum's suspension or grant his request for reinstatement. Moreover, courts are reluctant to interfere with the internal disciplinary affairs of a private voluntary association such as AKC (*see Thornton v American Kennel Club*, 182 AD2d 358, 358 [1st Dept 1992]), and a breach of contract cause of action is not the proper vehicle for a claim that such an association has failed to fulfill obligations imposed by its internal rules (*see Matter of Caso v New York State Pub. High School Athletic Assn.*, 78 AD2d 41, 45 [4th Dept 1980]; *see also James v National Arts Club*, 99 AD3d 523, 525 [1st Dept 2012], *lv dismissed* 21 NY3d 886 [2013]). In addition, there is no allegation that Sprung is a signatory on the entry form in his individual capacity or that he otherwise entered into an agreement with plaintiffs (*see Tutora v Siegel*, 40 AD3d 227, 228 [1st Dept 2007], *lv denied* 9 NY3d 808 [2007]).

We have considered plaintiffs' remaining contentions, including that they are entitled to discovery on their causes of action, and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.